# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:17-cv-00338-MR-DLH

| | |
|---|---|
| SULINA WILLINGHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| LIFESPAN INCORPORATED ) | |
| and DAVAN CLONINGER, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant Davan Cloninger's Motion to Dismiss [Doc. 11].

## I. FACTUAL AND PROCEDURAL BACKGROUND

On December 14, 2017, the *pro se* Plaintiff filed this action alleging employment discrimination based on race and national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e-2(a)(1), *et seq*. ("Title VII"). The caption of the Plaintiff's Complaint, which is typewritten on a pre-printed AO form complaint, identifies only "LifeSpan Incorporated" as a Defendant in the case. [Doc. 1 at 1]. Under Section B., however, the Plaintiff identifies the "Defendant" in the case as "Davan Cloninger," who is identified simply as "President." [Id. at 2]. Attached to the Complaint are two

proposed Summonses: one for "LifeSpan Incorporated" and another for "Davan Cloninger." [Docs. 1-1, 1-2].

On February 9, 2018, Davan Cloninger filed the present motion, seeking to be dismissed from this action on the grounds that individuals cannot be held liable for Title VII violations. [Doc. 7]. The Plaintiff filed a Response to Cloninger's motion on March 1, 2018. [Doc. 11].

Having been fully briefed, this matter is ripe for disposition.

## II. STANDARD OF REVIEW

The central issue for resolving a Rule 12(b)(6) motion is whether the claims state a plausible claim for relief. See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009). In considering the Defendants' motions, the Court accepts the allegations in the Complaint as true and construes them in the light most favorable to the Plaintiff. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 190–92. Although the Court accepts well-pled facts as true, it is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement...." Consumeraffairs.com, 591 F.3d at 255; see also Giacomelli, 588 F.3d at 189.

The claims need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a

2

cause of action.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Consumeraffairs.com, 591 F.3d at 256.  "[A] formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555.  Nor will mere labels and legal conclusions suffice.  Id.  Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

The Complaint is required to contain "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570; see also Consumeraffairs.com, 591 F.3d at 255.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  See also Consumeraffairs.com, 591 F.3d at 255.  The mere possibility that a defendant acted unlawfully is not sufficient for a claim to survive a motion to dismiss.  Consumeraffairs.com, 591 F.3d at 256; Giacomelli, 588 F.3d at 193.  Ultimately, the well-pled factual allegations must move a plaintiff's claim from possible to plausible.  Twombly, 550 U.S. at 570; Consumeraffairs.com, 591 F.3d at 256.

## III. DISCUSSION

The Fourth Circuit has rejected claims of individual liability under Title VII. <u>Lissau v. Southern Food. Serv., Inc.</u>, 159 F.3d 177, 180-81 (4th Cir. 1998) ("[S]upervisors are not liable in their individual capacities for Title VII violations."); <u>see</u> also <u>Buckner v. General Signal Tech. Corp.</u>, 163 F. Supp. 2d 617, 626 (W.D.N.C. 2000) (citing <u>Lissau</u>). Here, Defendant Davan Cloninger is an individual and not an "employer" as defined by Title VII. <u>Lissau</u>, 159 F.3d at 180-81. Thus, she is not subject to Title VII liability. Accordingly, the Plaintiff's claims against Defendant Davan Cloninger are hereby dismissed.[1]

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Defendant Davan Cloninger's Motion to Dismiss [Doc. 7] is **GRANTED**, and the Plaintiff's claims against this Defendant are **DISMISSED WITH PREJUDICE**.

---

[1] While the Plaintiff insists that Cloninger is not a defendant in this action, the Plaintiff's Complaint, when read liberally, suggests otherwise. The Complaint lists Cloninger as a Defendant [Doc. 1 at 2], and a summons was issued in her name and was duly served. Under these circumstances, the Court finds that Cloninger has been named as a defendant, and therefore, her motion is not moot, contrary to the Plaintiff's argument.

**IT IS SO ORDERED.**

Signed: March 27, 2018

Martin Reidinger
United States District Judge